Doris M. YOUNGBLOOD and Cecil R. Youngblood as Natural Guardians and Next Friends of Matthew L. Youngblood, Petitioners,

v.

SECRETARY OF THE DEPARTMENT OF HEALTH AND HUMAN SERVICES, Respondent.

No. 91–1442 V.

United States Court of Federal Claims.

June 16, 1993.

Randell C. Ogg, Washington, DC, for petitioners.

David L. Terzian, U.S. Dept. of Justice, Washington, DC, for respondent.

## OPINION

HODGES, Judge.

Petitioners Doris and Cecil Youngblood filed a petition on behalf of their minor son Matthew, seeking compensation under the National Vaccine Injury Act of 1986, as amended, 42 U.S.C.A. §§ 300aa–1 to –34 (West 1991) (the Act). The parties stipulated to an Entry of Judgment and agreed to compensation under the Act with the exception of the amount for pain and suffering.

## FACTS

Petitioners and respondent agreed that Matthew Youngblood was entitled to compensation under the Act. They also agreed

to the amount of compensation, except for the amount for past and future pain and suffering. The special master found that Matthew Youngblood's injuries were severe and will affect his life in a profound way. She determined that he was entitled to a high level of damages for pain and suffering and used the same rationale that she applied in *Rivera v. Secretary of the Department of Health and Human Services,* No. 91–960V, 1992 WL 198853 (Cl.Ct. Spec.Mstr. July 31, 1992).

Accordingly, the special master awarded Matthew $100,000 for past pain and suffering and $180,000 for future pain and suffering. The $180,000 for future pain and suffering was discounted to a net present value of $109,161.50 in accordance with §§ 300aa–15(f)(4)(A). The total award for past and future pain and suffering was $209,161.50.

The language of the Act limits actual and projected pain and suffering arising from a vaccine-related injury to an "award not to exceed $250,000." § 300aa–15(a)(4). The issue before this court is whether the Act's statutory cap of $250,000 should be applied to the special master's award before or after the award is discounted to net present value.

Respondent objects to the method used by the special master to calculate the total award for pain and suffering because the past and future pain and suffering awards total an amount in excess of the $250,000 statutory cap. This is acceptable, according to petitioners and the special master, because the total award is less than the statutory cap after discounting for net present value. If the net present value discount is applied to the cap, plaintiff never would receive the $250,000 maximum. We adopt the special master's decision and uphold the award to Matthew Youngblood.

## DISCUSSION

▆ The discounting issue in this case is one of statutory interpretation that has not been resolved by this court. The Act provides "[f]or actual and projected pain and suffering and emotional distress from the vaccine-related injury, an award not to ex-

ceed $250,000...." § 300aa–15(a)(4). Another subsection states that "payment of compensation under the Program shall be determined on the basis of the net present value of the elements of the compensation...." § 300aa–15(f)(4)(A).

▆ Petitioners and respondent agree that a statute must be construed in a manner that is consistent and harmonious with the statute in its entirety, such that no portion is inoperative or superfluous. *See, e.g., Horner v. Merit Systems Protection Board,* 815 F.2d 668, 674 (Fed.Cir.1987). It is also clear that the plain meaning of a statute controls its interpretation. However:

When a statute expresses its purpose in short, clear terms the duty of the court is to apply the statute as written. When the legislative purpose is incorporated in a complex piece of legislation, such as those establishing a major regulatory or entitlement program, the meaning of any particular phrase or provision cannot be securely known simply by taking the words out of context and treating them as self-evident....

The Vaccine Compensation Act is such a complex piece of legislation.

*Amendola v. Secretary of the Department of Health and Human Services,* 989 F.2d 1180, 1182 (Fed.Cir.1993) (citation omitted).

If the cap were applied before present value discounting, a special master could never award compensation equal to the statutory cap unless the award were based solely on *past* pain and suffering. This result would be unavoidable because under defendant's theory, any portion of the award for future pain and suffering must be discounted. Because it would be impossible to reach the statutory cap, § 300aa–15(a)(4) would be rendered meaningless. ("For actual *and projected* pain and suffering ... an award not to exceed $250,000....") (emphasis supplied).

Applying the statutory cap after present value discounting allows a special master to base the award on both past and future pain and suffering. The language providing for a statutory cap is fully operable

because the amount awarded prior to discounting can exceed $250,000 so long as the final compensation paid after discounting does not exceed the cap.

Application of the cap after discounting is consistent with the opinion of Special Master Hastings in *Brustuen v. Secretary of the Department of Health and Human Services,* No. 90–3936V, slip op. at 4, 1992 WL 167284 (Cl.Ct.Spec.Mstr. June 25, 1992). In *Brustuen* (relied upon by Special Master French in this case), the special master awarded $100,000 for past pain and suffering and $500,000 for future pain and suffering. This resulted in a total award equal to the statutory cap of $250,000. The special master specifically rejected respondent's contention that the net present value adjustment must take place before application of the $250,000 cap.

This interpretation of the two statutory sections is consistent with the legislative history of the Act which shows that Congress intended to award amounts up to $250,000. The House Report shows that the statute encompassed the possibility of a full $250,000 award:

> Compensation for pain, suffering, and emotional distress is capped in the bill at $250,000 for fiscal year 1987. The number and amount of pain and suffering awards that might be made is uncertain, and would be left to the discretion of special masters.... For purposes of [estimating costs of the program], CBO assumes half the amount allowed would be paid to all awardees or alternatively, the maximum amount for pain and suffering would be paid to half the awardees, yielding the same cost figures.

H.R.REP. No. 908, 99th Cong., 2d Sess., pt. II, at 39 (1986), *reprinted in* 1986 U.S.C.C.A.N. 6287, 6344, 6380.

■ Special Masters have expertise in administering the vaccine program. *See Munn v. Secretary of the Department of Health and Human Services,* 970 F.2d 863, 871 (Fed.Cir.1992). Substantial weight should be given to the interpretation of a statute by those charged with its administration.

■ Such an interpretation should be followed unless there are compelling indications that it is wrong. Further, the interpretation need not be the only reasonable construction, or one the court would have adopted had the question arisen initially here. It need only be a reasonable interpretation. *McClendon v. Secretary of the Department of Health and Human Services,* 28 Fed.Cl. 1, 5 (Ct.Fed.Cl.1993) (quoting *Chula Vista City School District v. Bennett,* 824 F.2d 1573 (Fed.Cir.1987)).

■ Because special masters are charged with the primary responsibility for developing and applying the Vaccine Program provisions, decisions on issues of law by a special master should be overturned only when error is clear. *Stotts v. Secretary of the Department of Health and Human Services,* 23 Cl.Ct. 352, 361 (1991) (citing *Munn v. Secretary of the Department of Health and Human Services,* 21 Cl.Ct. 345, 348 (1990), *aff'd,* 970 F.2d 863 (Fed.Cir.1992)). Thus, this court will not reject a conclusion of law by the special master unless it contravenes a statutory provision, a clearly-discernable legislative intent, or is otherwise unreasonable or irrational. *Stotts,* 23 Cl.Ct. at 361 (citations omitted). "The Court of Federal Claims may reverse a special master's findings and conclusions only in the face of arbitrary, capricious, or unlawful decisions." *Cucuras v. Secretary of the Department of Health and Human Services,* 993 F.2d 1525, 1527 (Fed.Cir.1993).

It is not clear that the Special Master unreasonably applied the statute to the facts of this case. Rather, the special master articulated a rational reliance on *Brustuen* and *Rivera* which applied the statutory cap provision to the award after net present value discounting, and which were not appealed by the Government.

## CONCLUSION

For the reasons herein stated, we affirm the January 13, 1993 decision of Special Master French. The statutory cap imposed by the Act applies to an award of compensation for pain and suffering after net

present value discounting. Costs to Mr. and Mrs. Youngblood.